**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Rabago Baca,<br><br>   Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>   Defendants. | No. CV-23-01789-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) filed on August 28, 2023, and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle (Doc. 11) on April 24, 2024. Petitioner filed an Objection to the R&R ("Objection") (Doc. 14) and Respondents filed a Reply (Doc. 15). Petitioner subsequently filed a Supplement to his Objection ("First Supplement") (Doc. 16); a "Reply to Respondents' Reply to Petitioner's Objection" ("Second Supplement") (Doc. 18); and a Reply to his "Reply to Respondents' Reply to Petitioner's Objection" ("Third Supplement") (Doc. 20) (collectively, "Supplemental Filings"). Respondents ask the Court to strike the Supplemental Filings (Docs. 17, 19, 21).

**I.  Standard of Review**

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine

*de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (2003) (same).  The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

**II.     The R&R and Petitioner's Objection**

Federal petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA imposes a one-year limitation period on the filing of habeas petitions, a deadline that begins to run "from the latest of. . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).

After a thorough analysis, Judge Boyle determined that Petitioner's Petition was filed years after AEDPA's statute of limitations period expired.  He also found that Petitioner was not entitled to statutory or equitable tolling, and that Petitioner had failed to demonstrate or argue actual innocence. (Doc. 11).  Accordingly, Judge Boyle recommends the Petition be denied and dismissed with prejudice.  (*Id.*)

Petitioner's Objection reiterates many of the merit-based arguments he advances in his Petition.  Judge Boyle, however, did not reach the merits of Petitioner's claims because he found the Petition was untimely.  (Doc. 11 at 4–5). *See also White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a federal habeas petition is time-barred must be resolved before considering other procedural issues or the merits of any habeas claim). Where the Court agrees with the procedural findings and conclusions of the R&R, as it does here, it is not obligated to review Petitioner's merit-based objections under the Federal Magistrates Act.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (where there is no objection to a magistrate's factual and legal determinations, the district court need not review the decision "under a *de novo* or any other standard").

Indeed, Petitioner does not object to the factual basis from which Judge Boyle calculated Petitioner's applicable statute of limitations and filing deadlines.  Petitioner instead argues that state rules allow a defendant to challenge the subject matter jurisdiction

of the court "at any time" and thus AEDPA's one-year statute of limitation for filing habeas petitions does not apply to him. (Doc. 14 at 7 (arguing Rule 16.1 "overcomes the procedural bar applied by R. 32.4(b)(3)(4), and therefore does not start the one-year statute of limitations, and overrides AEDPA").[1]  Not so.  Though Petitioner is correct that he may raise an objection to subject matter jurisdiction at any time, he must still comply with AEDPA's one-year statute of limitation for filing habeas petitions.  Here, Petitioner's conviction became final on July 20, 2018—one year after his deadline to file his post-conviction review notice. (Doc. 11 at 4–5). Petitioner did not challenge his conviction in state court until June 2, 2024; he did not file his federal habeas petition until August 18, 2023.  Thus, neither his state nor federal challenge was timely.

Judge Boyle's analysis and recommendations on the timeliness of Petitioner's Petition are sound and the Court adopts them in their entirety.

### III. Petitioner's Supplemental Filings

The Court will also grant Respondents' Motions to Strike Petitioner's Supplemental Filings.  Petitioner's First Supplement (Doc. 16) asks the Court to consider the State of Arizona's response to his state-filed motion to dismiss and the superior court's ruling on his fourth Rule 33 proceeding. (*Id.* at 2–10).  Petitioner says these filings support his position that he was convicted in the wrong jurisdiction.  Notably, this Court need not "consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).  But even if it were to consider these filings, they do not explain or justify the untimeliness of Petitioner's federal habeas petition.  Nor do the supplemental arguments Petitioner makes in his Second and Third Supplements.  Moreover, and as Respondents point out, neither the Rules of Civil Procedure nor this Court's Local Rules authorize a petitioner to file a sur-reply in support of objections to an R&R.  *See* Fed. R. Civ. P. 7; Local R. Civ. P. 7.2. Rule 72(b)(2) of the Rules of Civil Procedure expressly authorizes parties to file objections to a magistrate's R&R, as well as responses thereto, but does not authorize filing a reply to

---

[1] Petitioner made the same argument in his Petition (Doc. 1 at 80).

any response. Consistent with Rule 72, Judge Boyle's R&R did not authorize or set a time for Petitioner to file a sur-reply to Respondents' reply to his objections. (Doc. 11 at 9–10). Neither the Rules of Civil Procedure nor this Court's Local Rules entitle a party to file supplements or sur-replies in support of objections to an R&R, and Petitioner has not stated a reason he should be permitted to do so. Therefore, the Second and Third Supplements will also be stricken. *See Guerrero v. Shinn*, No. CV–22–01091–PHX–MTL, 2023 WL 3650488, at *1 (D. Ariz. May 25, 2023) ("The Court agrees with Respondents that neither the Federal Rules of Civil Procedure nor this Court's local rules authorize Petitioner to file a sur-reply absent authorization from the Court.").

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 11) is **accepted** and **adopted** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that Respondents' Motions to Strike (Docs. 17, 19, 21) are **granted** and Petitioner's unauthorized Supplemental Filings (Docs. 16, 18, 20) are stricken.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 3rd day of January, 2025.

Honorable Diane J. Humetewa
United States District Judge